**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-25414-LFL

DOUGLAS MARSHALL JACKSON, *et al.*,

      Plaintiffs,

v.

NUSHIN SAYEIE, *et al.*,

      Defendants.

_____/

## <u>REPORT AND RECOMMENDATIONS</u>

      **THIS CAUSE** is before the Court upon the Court's January 23, 2026 Order to Show Cause. (ECF No. 11) (the "Show Cause Order"). The undersigned United States Magistrate Judge was assigned as the presiding Judge for all purposes in this case, including to enter a dispositive order and final judgment, pursuant to Administrative Order 2025-11. As more fully set in the Order directing that this case be reassigned to a United States District Judge, entered contemporaneously, with this Order, I find that I do not presently have authority to issue a dispositive order. Upon my confirmation that Plaintiff has not responded to the Court's Order to Show Cause, upon review of the docket in this case, and being otherwise fully advised in the premises, the undersigned respectfully recommends that this case be **DISMISSED, without leave to amend**.

      Plaintiff's Complaint seeks the stay of the sale of private real estate located within this District, under probate law. (ECF No. 1 at 1–2). Plaintiff raises constitutional, religious, tribal, and probate law claims against Defendants, whom he claims unlawfully enabled such sale.

      On January 6, 2026, the Court issued an Order instructing Plaintiff either to pay the $405.00 filing fee required to bring suit in this Court or to file an application to proceed *in forma pauperis*

by no later than February 5, 2026. Plaintiff filed, on February 2, what is docketed as a motion for leave to proceed *in forma pauperis*. (ECF No. 12). That Motion is incoherent. It fails to set forth any factual or legal basis for waiving Plaintiff's obligation to pay the filing fee associated with his commencement of suit. Indeed, the most that can be made out from review of the Motion for Leave to Proceed *in forma pauperis* is that Plaintiff believes that a filing fee is necessarily imposed in error against Plaintiff because he is "the Private, Sovereign, Immunity and Exempt to the Law Miami Native Born Estate, DOUGLAS MARSHALL JACKSON Estate[.]" (*Id.* at 4).

On January 23, 2026, the Court issued a Show Cause Order directing that Plaintiff clarify the basis on which this Court possesses jurisdiction over his claims. He was further ordered, for the second time, to file a Motion for Leave to Proceed *in forma pauperis*, and to file a civil cover sheet in support of his Complaint. His deadline to rectify these pleading deficiencies was February 13, 2026. (ECF No. 11). Within the deadline, Plaintiff made four filings. The first was the Motion for Leave to Proceed in forma pauperis. Therein, Plaintiff avers that "this is a PROBATE LAW – not civil – Private, Top Secret and Confidential Communication . . . that was "FILED" exclusively and only "TO" the "Office" of U.S. District Court Administrator "FROM" "Office" of General Executor." (ECF No. 12 at 2). Plaintiff insists that the undersigned "do[es] NOT have ANY jurisdiction (in personam or subject-matter)" over him.

The second, one of several identically titled Notices "regarding Unauthorized 'Administrative' [act as trustee] and 'Trespass' against [Plaintiff]" on the docket, is largely unresponsive to the Show Cause Order but reiterates that "State Government and Courts do NOT have jurisdiction (in personam or subject-matter)" over Plaintiff. (ECF No. 13 at 3).

The third, a "Notice of Filing Prisoner Trust Fund Account Statement," appears to serve as an untimely supplement to Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 14). The Notice provides a "6-Month State of Florida Department of Corrections (FDC) Estate Inmate

Trust Fund Account Statement," (*id.* at 2), demonstrating that Plaintiff is presently a prisoner housed at the Walton Correctional Institution and he owes approximately $250,000.00 in debt on various liens.

The fourth filing is responsive to the Show Cause Order. It attests that the undersigned has "absolutely NO 'JURISDICTION'" (in personam or subject-matter)" over Plaintiff "or these "ESTATE CLAIMS." (ECF No. 15 at 3). In fact, by issuing the Show Cause Order, the Court is asserted to have acted unlawfully. Plaintiff concludes the filing by declaring that he vacates and voids the Show Cause Order and by requesting that the Court conduct "an immediate Probate Law Claim Evidentiary Hearing to Redress the Probate Law Claims herein." (*Id.* at 5).

This suit warrants dismissal. A federal district court possesses limited jurisdiction and can only adjudicate those cases which the Constitution and Congress authorizes it to adjudicate. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts possess particularly limited jurisdiction over probate matters, under what is known as the probate exception. *See Hassanati ex rel. Said v. Int'l Lease Fin. Corp.*, 643 F. App'x 620, 622 (9th Cir. 2016). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006); *Fisher v. PNC Bank, N.A.*, 2 F.4th 1352, 1356 (11th Cir. 2021).

Dismissal on purely jurisdictional grounds is complicated somewhat by the plain insufficiency of Plaintiff's Complaint and by Plaintiff's inability to explain the allegations and claims raised therein. Indeed, Plaintiff's claims are incoherently and conclusorily stated. Even on thorough review of the docket in its entirety, basic questions as who among the named Defendants did what, when, under what circumstances, and to what legally objectionable effect elude the Court's grasp. "A pleading in a civil action must contain 'a short and plain statement of the claim showing

that the pleader is entitled to relief.'" *Jackson v. Fla. Dep't of Corr. Inc.*, No. 20-cv-20777, 2020 WL 1703599, at *1 (S.D. Fla. Apr. 8, 2020) (quoting Fed. R. Civ. P. 8(a)(2)). A complaint need not set forth its allegations in exhaustive detail, but must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (additional citations omitted).

In addition to the Complaint's jurisdictional and Rule 8 infirmities, dismissal is warranted pursuant to 28 U.S.C. § 1915(g). This provision of the Prison Litigation Reform Act ("PLRA") provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Jackson v. Dixon*, No. 24-cv-350, 2024 WL 3537150, at *1 (M.D. Fla. Jul. 25, 2024) (dismissing Plaintiff Douglas Marshall Jackson's complaint for failure to pay the $405.00 filing fee pursuant to section 1915(g)'s "three-strikes provision"). Section 1915(g) requires the Court to consider prior actions filed by a prisoner plaintiff which were dismissed as frivolous or malicious or because they failed to state a claim. Plaintiff is a multiple filer of unmeritorious suits in this and other judicial districts. *See Jackson*, 2024 WL 3537150, at *1 (collecting cases and "tak[ing] judicial notice of [this] Plaintiff's previous actions which were dismissed as frivolous or malicious or because they failed to state a claim"); *see also Douglas Marshall Jackson v. Walton Corr. Inst.*, No. 25-cv-2549, 2025 WL 4592290, at *2 (N.D. Fla. Dec. 17, 2025) ("Because Plaintiff is a three-striker who did not pay the filing fee when he filed this action and has not shown he is under imminent danger of physical harm, Plaintiff's action should be dismissed."); *Jackson v. Fla. Dep't of Corr. Inc.*, 2020 WL 1703599, at *1 (noting that Plaintiff "has previously been found to be a multiple filer and subject

to the three-strikes provision of the PLRA," but dismissing, with prejudice, complaint that was "replete with incoherencies and irrelevant legal conclusions").

Plaintiff is unable to proceed *in forma pauperis* and has repeatedly rebuked this Court's orders to pay the requisite filing fee. Dismissal is warranted. While it is true that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), a *pro se* litigant must nevertheless, at a minimum, comply with the Federal Rules of Civil Procedure. Plaintiff has not done so and insists that he need not do so. Dismissal of his claims is warranted.

Here, as in the district court's decision in *Jackson v. Florida Department of Corrections Inc.*, 2020 WL 1703599, the Complaint's deficiencies and Plaintiff's resistance to remedying the same lead the Court to conclude that amendment would be futile. As such, I respectfully **RECOMMEND** that the Complaint, (ECF No. 1), be **DISMISSED, without leave to amend**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge within **FOURTEEN (14) DAYS** of being served a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrington v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020). Response to objections, if any, must be filed within seven (7) days of service of the objections.

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 30th day of April, 2026.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

5